IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TALEAH S. RANGE,                )
                                )  Civil Action
        Plaintiff               )  No. 2008-CV-04883
                                )
    vs.                         )
                                )
MICHAEL J. ASTRUE,              )
Commissioner of                 )
Social Security,                )
                                )
        Defendant               )
                                )
SOCIAL SECURITY ADMINISTRATION  )
                                )
        Interested Party        )

O R D E R

        NOW, this 24th day of March, 2010, upon consideration of the following documents:

>    (1)  Plaintiff's Brief and Statement of Issues in Support of Request for Review, which brief was filed March 4, 2009 (Document 9);
>
>    (2)  Defendant's Response to Request for Review by Plaintiff, which response was filed April 1, 2009 (Document 10);
>
>    (3)  Plaintiff's Reply Brief filed April 20, 2009 (Document 11);
>
>    (4)  Report and Recommendation of United States Magistrate Judge David R. Strawbridge filed August 6, 2009 ("R&R") (Document 13);
>
>    (5)  Defendant's Objections to Report and Recommendation, which objections were filed August 19, 2009 (Document 14);
>
>    (6)  Plaintiff's Response to Defendant's Objections to Magistrate Judge's Report and Recommendation, which response was filed September 2, 2009 (Document 15);

(7) plaintiff's Complaint filed October 20, 2008 (Document 3);

(8) defendant's Answer filed January 15, 2009 (Document 7); and

(9) record of the proceeding before the Administrative Law Judge ("ALJ");

and after a thorough de novo review of the record in this matter; it appearing that defendant's objections to Magistrate Judge Strawbridge's Report and Recommendation are a restatement of the issues raised in his response to plaintiff's request for review, and are without merit; it further appearing that Magistrate Judge Strawbridge's Report and Recommendation correctly determined the legal issues presented in this case,

   IT IS ORDERED that Magistrate Judge Strawbridge's Report and Recommendation is approved and adopted.

   IT IS FURTHER ORDERED that plaintiff's request for review is granted.

   IT IS FURTHER ORDERED that defendant's objections to the Report and Recommendation are overruled.[1]

---

[1]   When objections are filed to a magistrate judge's report and recommendation, I am required to make a de novo determination of those portions of the report, findings or recommendations made by the magistrate judge to which there are objections. 28 U.S.C. § 636(b)(1); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania. Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge. See United States v. Raddatz, 447 U.S. 667, 100 S.Ct. 2406, 65 L. Ed. 2d 424 (1980). Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of the court's sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions.

   (Footnote 1 continued):

IT IS FURTHER ORDERED that judgment is entered in favor of plaintiff Taleah S. Range and against defendant Michael J. Astrue, Commissioner of the Social Security Administration.

IT IS FURTHER ORDERED that the decision of the Commissioner dated April 15, 2008 and affirmed by the Appeals Council on August 8, 2008 which denied benefits to plaintiff Taleah S. Range is reversed.

IT IS FURTHER ORDERED that the decision of the Commissioner is vacated, and pursuant to sentence four of 42 U.S.C. § 405(g) this matter is remanded to the Commissioner for further proceedings consistent with Magistrate Judge Strawbridge's Report and Recommendation.[2]

---

(Continuation of footnote 1):

I may accept, reject or modify, in whole or in part any of the findings or recommendations made by the magistrate judge. Raddatz, supra.

As noted above, I conclude that defendant's objections to Magistrate Judge Strawbridge's Report and Recommendation are nothing more than a restatement of the underlying claims contained in his response to plaintiff's request for review. Moreover, upon review of the Report and Recommendation, together with de novo review of the entire record in this matter, I conclude that the Report and Recommendation correctly determines the legal issues raised by plaintiff.

Accordingly, I approve and adopt Magistrate Judge Strawbridge's Report and Recommendation and overrule defendant's objections to the Report and Recommendation. Furthermore, I remand this matter back to the Commissioner for further proceedings consistent with the Report and Recommendation.

[2] Among the further proceedings recommended by Magistrate Judge Strawbridge and approved in this Order which the Administrative Law Judge ("ALJ") shall complete are the following:

> 1. The ALJ should properly analyze and explain why she did not incorporate into her residual functional capacity ("RFC") assessments the opinion of Dr. Amit Mitra that plaintiff is only able to perform part-time work and whether

(Footnote 2 continued):

IT IS FURTHER ORDERED that the Clerk of Court shall close this civil action for statistical purposes.

BY THE COURT:


/s/ JAMES KNOLL GARDNER
James Knoll Gardner
United States District Judge

---

(Continuation of footnote 2):

> that opinion has any effect on the ALJ's RFC assessment. (R&R, pages 8-12).
>
> 2. The ALJ should properly analyze the assessment and medical opinion of Dr. Mosen Alavi and explain how that supports the ALJ's RFC assessment in relation to Magistrate Judge Strawbridge's findings, conclusions and analysis in the R&R at page 11, footnote 5.

In addition, on remand, the ALJ may further address the issue of whether plaintiff could perform work at the light exertional level within the meaning of the regulations as suggested by Magistrate Judge Strawbridge in the R&R at pages 11-12. Also, on remand, the ALJ may craft a different hypothetical question to pose to the vocational expert ("VE") based upon her reconsideration of the record as suggested by Magistrate Judge Strawbridge in the R&R at page 15.